812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph Chukwuma UKANDU, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 86-3873.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1986.
Decided Feb. 24, 1987.
 
 Before HALL, SPROUSE and ERVIN, Circuit Judges.
 Winston Wen-Hsiung Tsai, on brief), for petitioner.
 Richard K. Willard, Assistant Attorney General; Robert Kendall, Jr., Assistant Director; Linda B. Adams, Attorney, Office of Immigration Litigation, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Ralph Chukwuma Ukandu, the petitioner, seeks review of the denial of his application for voluntary departure under 8 U.S.C. Sec. 1254(e).* Ukandu, a native Nigerian, entered this country as a student in August 1982. On August 5, 1983, Ukandu married Musetta Barbour, a United States citizen. On August 22, 1983, Barbour filed a visa petition on Ukandu's behalf. Later investigation indicated that the marriage was arranged only to allow Ukandu to attain resident alien status. Barbour withdrew the visa application and Ukandu was placed in deportation proceedings.
 
 
 2
 On June 24, 1984, Barbour submitted a second visa application, which the INS denied. Deportation proceedings commenced, and after a hearing the immigration judge found Ukandu deportable. Ukandu filed a petition for voluntary departure, which the judge denied as a matter of law and discretion. The Board of Immigration Appeals (BIA) affirmed the denial of voluntary departure, and it is from this order that Ukandu petitions this Court for review.
 
 
 3
 This Court's review of the denial of voluntary departure is limited to examining whether "discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner." Parcham v. I.N.S., 769 F.2d 1001, 1003 (4th Cir.1985). Section 1254(e) requires the alien to show both the ability to pay for departure, and that the alien has had good moral character for at least the five years preceding departure. The alien must additionally show that he is worthy of a favorable exercise of discretion. Id.
 
 
 4
 The immigration judge below found Ukandu ineligible for voluntary departure--statutorily, because he could not establish good moral character, and as a matter of discretion because Ukandu showed total disregard for the immigration laws. Both decisions rested in large part on the judge's conclusion that Ukandu gave false testimony. After a review of the record, we conclude that these decisions were neither capricious nor arbitrary. Accordingly, we affirm the BIA's affirmance of the denial of voluntary departure.
 
 
 5
 As the briefs and record adequately present the facts and legal issues, we find that the decisional process would not be aided significantly by oral argument.
 
 
 6
 AFFIRMED.
 
 
 
 *
 (e) Voluntary departure
 The Attorney General may, in his discretion, permit any alien under deportation proceedings, other than an alien within the provisions of paragraph (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), (18), or (19) of section 1251(a) of this title (and also any alien within the purview of such paragraphs if he is also within the provisions of paragraph (2) of subsection (a) of this section), to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection.